BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th floor
New York, NY  10019
(212) 440-4400
Christopher P. Schueller, Esq.
*Attorneys for McCormick 103, LLC*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Gregory L. Beeche, | : | Case No. 25-10879-1-REL |
| | : | |
| Debtor. | : | |
| | : | |

### CREDITOR MCCORMICK 103, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE CHAPTER 13 CASE OR CONVERT THE CASE TO CHAPTER 7

Creditor, McCormick 103, LLC (the "McCormick"), respectfully submits this reply in support of McCormick's motion to dismiss this chapter 13 case, or convert the case to chapter 7 (the "Motion"), because the debtor Gregory L. Beeche (the "Debtor") is not eligible for chapter 13 due to the debt limits of 11 U.S.C. § 109(e).

**I.    INTRODUCTION**

McCormick filed the Motion to dismiss or convert this case because the Debtor's bankruptcy schedules disclosed liquidated and noncontingent unsecured debts in excess of the chapter 13 debt limits in 11 U.S.C. § 109(e). The Debtor filed an objection (the "Objection")[1] to the Motion asserting: a) a Saratoga County real estate tax claim identified in the schedules as an unsecured claim is actually a secured claim; b) one of the Debtor's business entities is the "primary" obligor with regard to a debt, which the Debtor scheduled, owed to American Express;

---

[1]    ECF No. 33

c) the Debtor is a "co-signer" on a mortgage loan from Brattleboro Savings and Loan to his daughter; and d) McCormick's claim is contingent and unliquidated. The Debtor asserts Debtor is below the section 109(e) debt limits when adjustments are made for these items.

However, even if the adjustments the Debtor proposes are recognized, parties have begun filing claims in this bankruptcy case which establish, without any doubt, that the Debtor's debts exceed the limits of section 109(e). In particular, the Debtor's bankruptcy schedules and filed proofs of claim show the Debtor's noncontingent and liquidated unsecured and secured debts exceed $7 million in both categories. One example of a claim which alone puts the Debtor over the limit is a noncontingent and liquidated unsecured claim alone, filed by Local Union No. 580 (the "Union"), for more than $1.4 million.

As a result, there is no doubt that the Debtor's noncontingent, liquidate secured and unsecured debts exceed the limits of section 109(e) which renders the Debtor ineligible for relief under chapter 13.[2]

## II. ANALYSIS

### A. Cause for Dismissal or Conversion Exists because the Debtor does not qualify for Chapter 13

Relief under chapter 13 of the Bankruptcy Code is reserved for individuals with regular income who owe less than $526,700 of noncontingent, liquidated, unsecured debts and $1,580,125 of secured debts on the petition date.[3] See, 11 U.S.C. § 109(e); *Soussis v. MacCo*, 136 F.4th 415, 420 (2d Cir. 2025); *In re McGhee,* No. 25-02646-EG, 2025 Bankr Lexis 1910 (Bankr. D.S.C.

---

[2] The Debtor's proposed chapter 13 plan (the "Plan") actually shows that the Debtor is over the unsecured debt limit as the Debtor proposed paying allowed nonpriority unsecured creditors is $921,237.71, at a minimum. [ECF No. 14, page 4

[3] The eligibility dollar amounts change in 3-year intervals pursuant to 11 U.S.C. § 104. The current limits are published in the Federal Register and may be found at https://www.federalregister.gov/documents/2025/02/04/2025-02207/adjustment-of-certain-dollar-amounts-applicable-to-bankruptcy-cases

Aug. 05, 2025); *In re Thomas*, No. 24-22030, 2025 BL 298397, at *5 (Bankr. W.D. Tenn. Aug. 22, 2025).

To determine eligibility for chapter 13, the Court should "canvass and review the debtor's schedules and proofs of claim, as well as other evidence offered by a debtor or the creditor to decide only whether the good faith, facial amount of the debtor's liquidated and non-contingent debts exceed statutory limits." *In re Moore*, 2012 Bankr Lexis 1538, 2012 WL 1192776 (Bankr. N.D.N.Y. Apr. 10, 2012).

In this case, even if adjustments are made for the Saratoga County tax claim, the American Express claims and the Brattleboro Savings claims, the Debtor's Bankruptcy schedules,[4] and the filed proofs of claim, reflect more than $14 million of secured and unsecured claims.

In particular, the Debtor has following unsecured debts:

| Source | Creditor | Amount |
|---|---|---|
| POC 3 | McCormack (Unsecured) | $4,688,213.00 |
| POC 9 | Local Union No. 580 | 1,488,639.00 |
| Schedules | Saratoga County Treasurer | 410,602.29 |
| Schedules | Brattleboro SVGS & LOA | 167,816.00 |
| POC 6 | JPMorgan Chase Bank, N.A | 99,289.70 |
| POC 7 | American Express National Bank | 76,184.77 |
| POC 4 | Internal Revenue Service | 59,534.92 |
| Schedules | L.L. Bean Mastercard | 8,754.00 |
| POC 5 | JPMorgan Chase Bank, N.A | 3,454.17 |
| Schedules | JPMCB Card Services | 2,521.00 |
| POC 8 | American Express National Bank | 525.99 |
|  | Total | $7,005,534.84 |

The Debtor also has the following secured debts based on the filed proofs of claim:

---

[4] ECF No. 16, pages 22 to 25

| Source | Creditor | Amount |
|---|---|---|
| POC 3 | McCormack (Secured) | $6,500,000.00 |
| POC 1 | NBT Bank, NA | 500,138.46 |
| POC 10 | Fabbrica LLC | 171,936.00 |
| POC 2 | NBT Bank, NA | 9,764.33 |
| | Total | $7,181,838.79 |

Putting aside the other debts, the McCormick and Union claims are alone enough to put the Debtor over the section 109(e) limits for both secured and unsecured debts.

### The Union Claim is Liquidated and Noncontingent

The Union claim is based on a Personal Guaranty Agreement (the "Union Guaranty") dated March 26, 2025 pursuant to which the Debtor guaranteed the full and payment, when due, of fringe benefits and interest in connection with a collective bargaining agreement between the Union and Greg Beeche Logistics (the "Company").[5] On June 18, 2025, the Union notified the Company that it failed to pay $1,279,343.86 and that it would proceed on the Union Guaranty if payment were not received within thirty (30) days.[6]

The Union claim is not unliquidated because it is in a definitive amount representing the balance due to the Union. It is also not contingent because the Company has defaulted on the obligations which the Debtor guaranteed. See, *In re Singh*, 588 B.R. 136, 140 (Bankr. E.D.N.Y. 2018)(a claim based on a guaranty is typically contingent unless the obligation is in default but becomes fixed and is no longer contingent when there is a default on the underlying debt).

Accordingly, the Union claim, by itself, reflects a liquidated, noncontingent unsecured claim in excess of the debt limit of section 109(e) which renders the Debtor ineligible for relief under chapter 13 of the Bankruptcy Code.

---

[5] Claim no. 9-1, part 3
[6] Claim no. 9-1, part 4

### The Undisputably Liquidated and Noncontingent Portions
### of the McCormick Claim exceed the Section 109 Debt Limits

The Debtor assets McCormick's claim is "a secured business obligation, and any personal exposure of Debtor is derivative and contingent."[7] Despite the Debtor's assertion to the contrary, McCormick claim represents, in large part, a personal obligation of the Debtor as a borrower under two (2) loan agreements which were executed in Debtor's personal capacity.[8] The proof of claim asserts Debtor is liable for these loans (defined as the "First Loan" and the "Second Loan") as follows:

First Loan: Principal of $2,596,398.77 and interest of $353.40.

Second Loan: Principal of $790, 624.75 and interest of $146.22[9]

Accordingly, the Court does not need to delve into whether the other portions of McCormick's claim, which are based on the Debtor's guaranties issued in connection with obligations of the Debtor's business entities, are contingent under the analysis in *In re Singh.* It is facially apparent that the debts in connection with the First Loan and Second Loan are noncontingent because they are the Debtor's obligations in his individual capacity and are not based on guaranties.

The value of the collateral securing the First Loan and Second Loan is irrelevant, from a practical perspective to the determination of whether the Debtor's debts exceed the secured and unsecured debt limits of section 109(e). Because the total limit of secured and unsecured debt in section 109(e) is $2,106,825 and the amounts due under the First Loan and Second Loan collectively exceed $3.3 million, there is no mathematical way to bifurcate them to comply with both the secured and unsecured debt limits. If the value of the collateral is equal to the $1,580,125

---

[7] ECF No. 33, page 2
[8] Claim no. 3-1, part 2, Exhibit A; Claim no. 3-1, part 3, Exhibit D
[9] Claim no. 3-1, part 2, page 5 of 79

secured debt limit in section 109(e), the unsecured portion of the debt would be approximately $1.5 million which exceeds the $526,700 unsecured debt limit of section 109(e). Conversely, if the unsecured portion is $526,700, the secured portion would exceed $2.7 million and would exceed the secured debt limit in section 109(e).

Accordingly, the McCormick claim exceeds the debt limits of section 109(e) rendering the Debtor ineligible for relief under chapter 13 of the Bankruptcy Code.

> **B.     Because the Debtor does not Qualify for Chapter 13, the Debtor should not be Permitted to Remain in Chapter 13 while the Debtor Files a Chapter 11 Petition.**

The Debtor is requesting unusual relief. The Debtor is asking the Court to defer entry of an order if the Court finds dismissal or conversion warranted so that the Debtor can file a chapter 11 petition. In other words, the Debtor is asking the Court to announce the Court's decision but not take any action on it until the Debtor can respond to the decision with a favorable procedural maneuver. Said another way, the Debtor is asking the Court to follow non-ordinary procedures and delay relief required by section 109(e) to potentially give the Debtor a procedural advantage. McCormick respectfully requests that this Court decline the Debtor's invitation.

Because the Debtor does not qualify for chapter 13, any delay in dismissal or conversion of this case would be inappropriate. See example, *In re Gamble*, 570 B.R. 272, 277 (Bankr. S.D. Tex. 2017)("delay would then defeat the purpose of Section 109(e)'s clear textual language to limit access to chapter 13 relief").

**WHEREFORE**, McCormick respectfully requests that the Debtor's case be dismissed or converted pursuant to 11 U.S.C. § 1307(c).

Respectfully submitted,

Dated:  October 24, 2025					**BUCHANAN INGERSOLL & ROONEY P.C.**

/s/ Christopher P. Schueller
Christopher P. Schueller, Esquire
640 5th Avenue, 9th Floor
New York, NY  10019
Phone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail:  christopher.schueller@bipc.com

*Attorneys for McCormick 103, LLC*