UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE
    GREGORY L. BEECHE,                              Chapter 13
                                Debtor.                    Case No. 25-10879
_____

### DEBTOR'S SUR-REPLY TO MCCORMICK 103, LLC'S REPLY
### IN SUPPORT OF MOTION TO DISMISS

      Debtor, Gregory L. Beeche ("Debtor"), by counsel, submits this Sur-Reply in response to McCormick 103, LLC's Reply filed October 24, 2025 (the "Reply"). The Reply introduces new factual assertions and arguments, particularly concerning the newly filed Union claim and the McCormick loan, that warrant a short response. For the reasons set forth below, the Motion to Dismiss should be denied.

#### I. ELIGIBILITY UNDER § 109(e) IS FIXED AS OF THE PETITION DATE

      Eligibility under § 109(e) is determined as of the petition date and depends only on debts that were noncontingent and liquidated at that time. A debt is contingent if it does not become an obligation until the occurrence of a future event but is noncontingent when all the events giving rise to liability occurred prior to the filing. *In re Mazzeo*, 131 F.3d 295, 303 (2d Cir. 1997). A § 109(e) analysis begins with a look at the debt amassed by a debtor as of the date the petition is filed. *In re Moore,* No. 10-11491, 2012 WL 1192776, at *5 (Bankr. N.D.N.Y. Apr. 10, 2012). Later-filed proofs of claim or newly alleged guaranties cannot retroactively alter those facts.

#### II. THE UNION CLAIM DOES NOT AFFECT § 109(e) ELIGIBILITY

      The Union (Proof of Claim No. 9) asserts $236,037.53 as priority and $1,252,601.47 as unsecured, based on a March 26, 2025 guaranty signed by Mr. Beeche. Debtor listed this claim

as contingent, unliquidated, and disputed with an "unknown" amount, which accurately reflected its status on July 31, 2025. The proof of claim filed later cannot retroactively change that classification. See *Mazzeo*, 131 F.3d at 303.

The guaranty is styled "absolute and unconditional" but provides in § 3(b) that liability arises only after the company receives a written demand and fails to pay within 30 days (**Exhibit "1"**). The June 18, 2025 demand letter attached to the proof of claim was directed to Greg Beeche Logistics, not to Mr. Beeche personally, and stated that the Union "will proceed with filing the Personal Guarantee if payment is not received within 30 days" (**Exhibit "2"**). That 30-day period expired about July 18, 2025, and no further demand or enforcement was made before Beeche's July 31, 2025 petition. Under *Moore*, the guaranty had not matured; Beeche's liability was still contingent on a future enforcement event.

The claim's amount was also unliquidated. Its computation depended on pending audits and the company's continuing operations. Because both the liability and amount required further determination, the Union claim cannot be counted toward § 109(e) limits.

### III. THE MCCORMICK 103, LLC $6 MILLION MORTGAGE IS A CONTINGENT AND UNLIQUIDATED SECURED DEBT THAT DOES NOT AFFECT ELIGIBILITY UNDER § 109(e)

The McCormick claim arises from business loans made primarily to Greg Beeche Logistics, LLC and Greg Logistics, LLC, secured by mortgages on the Waterford property. Those LLCs were and remain the primary obligors; Debtor merely pledged his property and executed related guaranty documents. (*See* Proof of Claim No. 3; Objection to Motion to Dismiss, Beeche Decl., Ex. A ¶¶ 3–7).

Prior to Debtor's personal Chapter 13 filing, McCormick 103, LLC had commenced a federal civil action in the United States District Court for the Northern District of New York

seeking appointment of a receiver over the LLCs that owned and operated from the Waterford property. Debtor filed his Chapter 13 petition on July 31, 2025, one day before the District Court's scheduled hearing on that receivership application. The hearing proceeded on August 1, McCormick eventually removed Debtor from that action on August 6, and the order appointing a receiver was not entered until August 8, 2025 – all after the Chapter 13 petition date. As of the petition date, therefore, no receiver had been appointed, no liquidation or sale had occurred, and McCormick's enforcement efforts remained merely prospective and directed in rem against the property and the LLCs. Whether any deficiency would exist, and whether McCormick would later elect to pursue Debtor personally, were entirely future contingencies. Accordingly, Debtor's potential exposure on the McCormick obligation was contingent and unliquidated as of July 31, 2025.

The debt was also unliquidated because the amount of any potential deficiency had not been determined. The property's value and any shortfall could only be established through future proceedings. Moreover, the LLCs' subsequent Chapter 11 case, filed on October 24, 2025, will determine McCormick's ultimate recovery and any residual obligation, if any, against Beeche personally.

Under *Mazzeo* and *Moore*, § 109(e) excludes debts that are contingent or unliquidated. Because Beeche's personal liability on the McCormick loan was dependent on the outcome of the receivership and later Chapter 11, and because no ascertainable deficiency existed, the debt cannot be included in the eligibility calculation.

### IV. NO BASIS EXISTS TO DENY LIMITED RELIEF TO CONVERT OR REFILE

Even if the Court were to find that eligibility is uncertain, dismissal should be deferred for at least fourteen (14) days to permit a good-faith transition into Chapter 11. Under § 1307(a),

a debtor generally has the right to convert a case to another chapter "at any time" if eligible to be a debtor under that chapter. In addition, bankruptcy courts possess broad equitable discretion under § 1307(c) to determine whether dismissal, conversion, or a brief stay of effectiveness best serves the interests of justice. A short deferral will preserve the estate, protect creditor rights, and promote judicial economy.

**WHEREFORE**, Debtor respectfully requests that the Court (i) deny McCormick's Motion to Dismiss; or, in the alternative, (ii) defer the effective date of any dismissal for fourteen (14) days to permit Debtor to file a Chapter 11 petition.

Dated: October 27, 2025                 FAIRBANKS FLETCHER LAW PLLC
*Attorney for Debtor*

/s/ Elizabeth Fairbanks-Fletcher, Esq. 513317
178 Elm St., Ste. 4
Saratoga Springs, NY 12866