**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

IN RE
    GREGORY L. BEECHE,                                 Chapter 13
                              Debtor.                    Case No. 25-10879

_____

**MOTION TO ENFORCE AUTOMATIC STAY, DECLARE RECEIVERSHIP**
**VOID *AB INITIO*, AND FOR SANCTIONS UNDER 11 U.S.C. § 362(k)**

Debtor, Gregory L. Beeche ("Debtor"), by and through counsel, submits this motion and states the following:

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This motion seeks enforcement of the automatic stay under 11 U.S.C. § 362(a) and a determination that the receivership obtained by McCormick 103, LLC ("McCormick") is void *ab initio*, having been initiated and implemented in violation of the stay.

The debtor filed a Chapter 13 petition on July 31, 2025. Despite immediate written notice to McCormick's counsel, the District Court proceeded with a receivership hearing on August 1, 2025, while the debtor was still a named defendant. Subsequent filings on August 4, 5, and 6 continued that proceeding, and the receivership order entered on August 8 flowed directly from the August 1 hearing.

The receivership unlawfully seized control over property of the estate, including the debtor's personally owned building, intellectual property, proprietary data, and his ownership interests in the LLCs placed into receivership, in violation of § 362(a)(3). Under controlling Second Circuit precedent (*In re Fogarty*, 39 F.4th 62 (2d Cir. 2022); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003)), the receivership is void *ab initio* as to the debtor and property of the bankruptcy estate, including the debtor's ownership interests in the LLCs and the assets necessary to their operation.

This motion is supported by the Declaration of Gregory L. Beeche ("Beeche Decl."), filed concurrently herewith, which details the factual events described below, including notice of the bankruptcy filing, the receiver's conduct after appointment, and the resulting damage to the debtor's property and operations.

## II. STATEMENT OF FACTS

**A. Chronological Timeline**

| Date / Time | Event | Reference |
|---|---|---|
| **July 31, 2025 (3:24 PM)** | Chapter 13 petition filed. Debtor's counsel emailed notice to McCormick's counsel with the official Notice of Bankruptcy Case Filing attached. | Ex. A–B; Beeche Decl. ¶ 2-3 |
| **July 31, 2025 (7:25 PM)** | McCormick's counsel acknowledged receipt of the notice. | Ex. B |
| **August 1, 2025** | Receivership hearing held while debtor remained a defendant. | Ex. C; Beeche Decl. ¶ 3 |
| **August 4–6, 2025** | McCormick filed proposed order, status report, and amended complaint. | Ex. C-F; Beeche Decl. ¶ 4 |
| **August 8, 2025** | District Court entered receivership order. | Ex. C, G; Beeche Decl. ¶ 5 |
| **August 11, 2025** | Counsel exchange: debtor advised McCormick of stay violation; McCormick denied violation, cited District Court language, and threatened counter-sanctions. | Ex. H; Beeche Decl. ¶ 9 |
| **October 24, 2025** | Greg Beeche Logistics, LLC (80% owned by debtor) filed Chapter 11 in NDNY, showing continuing economic interdependence. | Judicial Notice; Beeche Decl. ¶ 14 |

**B. Receivership Proceedings**

Despite receiving actual notice of the bankruptcy filing on July 31, 2025, McCormick proceeded with a receivership hearing in the United States District Court on August 1, 2025, while the debtor was still a named defendant (Ex. C; Beeche Decl. ¶ 3). The Court directed McCormick's counsel to submit a revised proposed order by August 4 (Ex. C).

On August 4, McCormick filed that proposed order, expressly referencing the August 1 hearing and listing the debtor as a defendant (Exs. C, D). On August 5, McCormick filed a "Status Report" again identifying the debtor as a defendant and acknowledging the bankruptcy filing (Ex. C, E). On August 6, McCormick filed an amended complaint removing the debtor as a party (Ex. C, F). The receivership order entered on August 8 implemented and flowed directly from the August 1 hearing and subsequent filings.

**C. The Receiver's Conduct After Appointment**

After appointment, the receiver barred the debtor from entering his personally owned building at 356 Hudson River Road except under restrictive conditions, failed to maintain the premises by timely paying essential utility and waste-removal bills (thereby placing the property at risk), shut down all business operations, and directed personnel to access and manipulate the debtor's computer servers (Beeche Decl. ¶ 7). Following these actions, the servers became inoperable, resulting in loss of data and equipment that will require replacement and recovery efforts (Beeche Decl. ¶7).

The receiver also retained a private security company that refused to allow the debtor access to the building unless he provided one to two days' advance notice (Beeche Decl. ¶7). On the day systems engineer Thomas Morgan requested that the debtor meet him at the property to inspect the damaged servers, security personnel, acting under the receiver's direction, denied the

debtor entry (Beeche Decl. ¶7). This occurred despite the building being owned solely by the debtor and listed as property of the Chapter 13 estate (Beeche Decl. ¶ 9).

The debtor is informed that the servers became inoperable following repeated unauthorized access attempts during the receivership period, and that the resulting loss of data and equipment requires replacement and recovery efforts. These facts are based on information provided to the debtor by his systems engineer and are set forth in his declaration (Beeche Decl. ¶ 9).

**D. Debtor's Property Interests and Business Structure**

The debtor personally owns:

- 80 percent membership interest in the LLCs subject to receivership (Beeche Decl. ¶ 6);

- The real property at 356 Hudson River Road, Waterford, New York, where the LLCs operate (Ex. I; Beeche Decl. ¶ 6); and

- Proprietary engineering designs, software, and technical data formerly protected by patents now expired, as well as trade secrets and operational processes still actively used in business (Ex. J; Beeche Decl. ¶ 6).

The LLCs own physical inventory, equipment, and receivables, but cannot function without the debtor's building, IP, and control (Beeche Decl. ¶ 8). The debtor's personal income and Chapter 13 plan funding depend entirely on the LLCs' operation (Beeche Decl. ¶ 8)

### III. LEGAL ARGUMENT

**A. Exclusive Jurisdiction and Effect of the Automatic Stay**

The automatic stay under § 362(a) is self-executing and binds all courts and parties upon filing. *In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir. 1992). Under 28 U.S.C. § 1334(e),

this Court has exclusive jurisdiction to interpret and enforce the stay. To the extent such acts affected property of the debtor's estate, they are void *ab initio*. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994).

The Bankruptcy Court's jurisdiction under § 1334(e) is both original and exclusive. *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985). Findings by another court purporting to determine the stay's applicability are not binding. *In re Gruntz*, 202 F.3d 1074, 1082–83 (9th Cir. 2000) (en banc). Thus, any statement by the District Court regarding "no violation of the stay" has no preclusive effect.

**B. Continuation of Proceedings Violated § 362(a)(1)**

Under *In re Fogarty*, continuing a judicial proceeding against a debtor after a bankruptcy filing violates § 362(a)(1), even if the debtor is later removed as a party. Here, McCormick continued to prosecute its receivership motion post-petition, culminating in the August 8 order (Beeche Decl. ¶¶ 3–5).

McCormick may argue that its actions after August 6, when the debtor was removed, were no longer against the debtor. That argument fails under *Fogarty*, which holds that amending a complaint or altering captions does not cure an earlier continuation where the proceeding remains grounded in pre-petition conduct affecting the debtor's rights.

**C. Exercise of Control Over Estate Property Violated § 362(a)(3)**

The receiver's actions – locking the debtor out of his building, halting operations, and attempting to obtain the IP on the server – constitute acts to exercise control over property of the estate under § 362(a)(3). *In re 48th St. Steakhouse, Inc.*, 835 F.2d 427 (2d Cir. 1987). Such acts are continuing to date.

Even though certain company assets belong to the LLCs, the receiver's control of the debtor's personally owned property, including the Waterford building and intellectual property,

and the resulting interference with the debtor's income stream, constitute direct violations as to property of the estate.

Following these actions, the debtor's servers became inoperable, resulting in loss of data and equipment that will require replacement and recovery efforts (Beeche Decl. ¶ 7). The resulting loss of data and damage to the servers demonstrate direct interference with estate property and economic harm to the debtor, satisfying § 362(a)(3) and supporting damages under § 362(k).

McCormick may contend that the receiver's interference with the company servers did not violate the automatic stay because the servers were used by the LLCs rather than by the debtor personally. This argument is without merit. The servers were physically located in the debtor's personally owned building and contained intellectual property, design files, and proprietary data developed and owned by the debtor individually. Acts taken to access, manipulate, or destroy that data constitute the exercise of control over property of the estate under § 362(a)(3). Moreover, the servers were integral to the operations that generated the debtor's personal income and funded his Chapter 13 plan. Accordingly, any interference with those systems produced an immediate adverse economic consequence to the estate, bringing the conduct squarely within the scope of the stay under *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

**D. Economic Interdependence Extends the Stay**

The debtor's business and personal assets are economically intertwined. The debtor owns the building, intellectual property, and controlling interest in the LLCs (Beeche Decl. ¶ 6, 8). The LLCs cannot function without those assets, and the debtor cannot earn income without the LLCs. Under *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003), the automatic stay extends to

actions against non-debtors that have an immediate adverse economic consequence on the estate (Beeche Decl. ¶¶ 6, 8).

**E. Damages Under 11 U.S.C. § 362(k)**

A violation of the stay is willful if the creditor knew of the stay and intentionally committed the act that violated it. *In re Crysen/Montenay Energy Co.,* 902 F.2d 1098, 1105 (2d Cir. 1990). Punitive damages may be awarded when conduct is "egregious, vindictive, or in reckless disregard of the law." Id.

McCormick and its counsel had actual notice of the stay, continued prosecuting the receivership, and threatened debtor's counsel with sanctions for enforcing the stay. These actions demonstrate knowing and willful violation warranting actual and punitive damages.

The debtor has incurred:

- Lost business income;
- Destruction of proprietary data and systems;
- Legal fees and costs.

The debtor preliminarily estimates actual damages exceeding $250,000, subject to proof at hearing.

**F. Pre-Motion Efforts Prior to Seeking Sanctions**

Before bringing this motion, debtor's counsel made repeated efforts to obtain voluntary compliance without Court intervention. On August 4, 2025, debtor's counsel spoke by telephone with McCormick's attorney and, in the course of that conversation, remarked, "Of course you canceled Friday's hearing." McCormick's counsel replied that the hearing had gone forward on August 1, 2025, notwithstanding the bankruptcy filing. Debtor's counsel immediately responded that proceeding with the hearing constituted a violation of the automatic stay. McCormick's counsel stated that he did not believe it was a violation. This exchange confirmed that

McCormick's counsel had actual knowledge of the bankruptcy and was expressly advised that continuing the hearing would violate the stay, yet the proceeding had already been conducted and was later defended.

On August 11, 2025, after receiving the District Court's order appointing a receiver, counsel emailed McCormick's attorney advising that the August 1 hearing had been conducted in violation of the automatic stay (Ex. H). Counsel's message specifically cited 11 U.S.C. §§ 362(a) and 362(k) and warned that a motion for sanctions would follow if corrective action was not taken.

Later that day, McCormick's counsel replied in writing, acknowledging the bankruptcy but asserting that there had been no stay violation because the District Court "expressly held that there was no violation of the stay" (Ex. H). Counsel further stated that on August 6, 2025, Plaintiff had filed a status report asserting that appointment of a receiver over the LLC defendants "would not violate the automatic stay afforded to Gregory Beeche," and noted that "the Court agrees." Counsel then added that a sanctions motion "could itself be sanctionable in light of the District Court's ruling." (Ex. H).

This sequence of communications demonstrates that McCormick and its counsel were fully aware of the bankruptcy filing and the applicability of the automatic stay both before and after the August 1 hearing yet deliberately chose to proceed with and defend actions taken in violation of it. Debtor's counsel attempted in good faith to resolve the issue informally before filing this motion, but McCormick's response left no reasonable alternative to judicial enforcement of the stay. These facts establish that the debtor acted responsibly, while McCormick acted with full knowledge and intent, satisfying the willfulness requirement under § 362(k)(1).

**WHEREFORE,** the debtor respectfully requests that this Court:

1. Declare all actions taken between August 1 and August 8, 2025 void *ab initio* as to the debtor and property of the estate, including the debtor's ownership interests in the LLCs and essential assets, under § 362(a)(1)–(3)[1];

2. Enjoin McCormick, its counsel, and the receiver from further action against the debtor or estate property;

3. Order turnover of the Waterford property, servers, and proprietary data under § 542(a);

4. Award actual damages, costs, and attorney's fees under § 362(k)(1), and schedule an evidentiary hearing to determine punitive damages; and

5. Grant such other relief as the Court deems just and proper.

Dated: October 30, 2025                     FAIRBANKS FLETCHER LAW PLLC
                                            *Attorney for Debtor*

                                            /s/ Elizabeth Fairbanks-Fletcher, Esq. 513317
                                            178 Elm St., Ste. 4
                                            Saratoga Springs, NY 12866

---

[1] For avoidance of doubt, the debtor does not request that this Court vacate or modify the District Court's receivership order. Rather, consistent with 28 U.S.C. § 1334(e) and this Court's exclusive authority to enforce 11 U.S.C. § 362(a), the debtor seeks a determination that, to the extent the receivership purports to affect the debtor personally or property of the bankruptcy estate, including the debtor's ownership interests in the LLCs and the assets necessary to protect those interests, it was entered in violation of the automatic stay and is void *ab initio*. This determination is limited to the debtor and estate property and respects both the District Court's jurisdiction over non-debtors and the separate jurisdiction of the Bankruptcy Court presiding over Greg Beeche Logistics, LLC's Chapter 11 case.