UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

IN RE
    GREGORY L. BEECHE,　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 25-10879
                          Debtor.

---

## DECLARATION OF GREGORY L. BEECHE IN SUPPORT OF MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS UNDER 11 U.S.C. § 362(k)

I, Gregory L. Beeche, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the debtor in this Chapter 13 case filed on July 31, 2025, in the United States Bankruptcy Court for the Northern District of New York. I make this declaration in support of my motion to enforce the automatic stay and for sanctions under 11 U.S.C. § 362(k).

2. On July 31, 2025, my counsel, Elizabeth Fairbanks-Fletcher, Esq., emailed McCormick 103, LLC's counsel, Christopher Schueller, Esq., advising that I had filed a Chapter 13 petition and attaching the official Notice of Bankruptcy Case Filing. McCormick's counsel acknowledged receipt of that notice the same day.

3. Despite receiving that notice, McCormick proceeded with a receivership hearing in the United States District Court on August 1, 2025, while I was still a named defendant in the case.

4. After the hearing, McCormick's counsel continued to file papers in the same proceeding, including a proposed receivership order on August 4, a status report on August 5, and an amended complaint on August 6 that finally removed me as a party.

5. On August 8, 2025, the District Court entered an order appointing a receiver over several limited-liability companies in which I hold an ownership interest.

6. I personally own eighty percent (80 percent) of the LLCs placed into receivership. I also own the real property located at 356 Hudson River Road, Waterford, New York, which houses those businesses. I also own the intellectual property, including proprietary engineering designs, software, and technical data that were formerly protected by patents now expired, but which continue to be used in the business and remain of substantial value.

7. After the receiver's appointment, I was denied access to my building and told I could enter only under restrictions, such as one to two days' advance notice. The receiver also directed his own personnel to access and manipulate the on-site computer server, which caused damage to the hardware and loss of stored data. On the day my systems engineer, Thomas Morgan, asked me to meet him at the building to inspect the damaged servers, the security guards hired by the receiver refused to let me enter the property. After the receivership took control of the property, the servers became inoperable following repeated unauthorized access attempts. As a result, there was a loss of data and equipment that will require replacement and recovery efforts.

8. Because the companies cannot function without my building or intellectual property, the receivership's shutdown of their operations eliminated my primary source of income and prevent me from funding my Chapter 13 plan.

9. On August 11, 2025, my counsel emailed McCormick's counsel, explaining that the August 1 hearing violated the automatic stay and warning of sanctions risk. McCormick's counsel responded that the District Court "expressly held that there was no violation of the stay," that "appointment of a receiver over the LLC defendants would not violate the automatic stay afforded to Gregory Beeche," and that a sanctions motion "could itself be sanctionable in light of the District Court's ruling."

10. Despite these communications, McCormick and the receiver continued to exercise control over my property, including the Waterford building and intellectual property, preventing me from conducting business and earning income.

11. I have incurred significant losses, including lost business income resulting from the shutdown; damage to and loss of proprietary computer servers and data; and legal fees and costs incurred to enforce my rights under the Bankruptcy Code. The precise amounts will be detailed and proven at the hearing on this motion.

12. McCormick's counsel was aware of my bankruptcy filing before the August 1 hearing, continued to prosecute the receivership, and later threatened sanctions against me and/or my attorney for asserting my rights under § 362(k). Based on this knowledge and conduct, I believe McCormick's actions were knowing and willful violations of the automatic stay.

13. I make this declaration to provide a factual foundation for my motion to enforce the automatic stay, to support a finding that McCormick's actions were void *ab initio* as to me and property of my estate, and to request turnover of my property and appropriate damages under 11 U.S.C. § 362(k).

14. On October 24, 2025, Greg Beeche Logistics, LLC, one of the companies placed into receivership, filed a voluntary Chapter 11 petition in the Northern District of New York (Case No. 25-11257). I am the majority owner of that company. I include this fact for context, because the company's Chapter 11 filing further demonstrates the close economic relationship between my personal estate and the businesses affected by the receivership.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on October 29, 2025     /s/ Gregory L. Beeche
                                 GREGORY L. BEECHE