BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th floor
New York, NY  10019
(212) 440-4400
Christopher P. Schueller, Esq.
*Attorneys for McCormick 103, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Gregory L. Beeche, | : | Case No. 25-10879-1-pgr |
| | : | |
| Debtor. | : | |
| _____ | : | |

**CREDITOR MCCORMICK 103, LLC'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH**
**RESPECT TO CERTAIN PROPERTY OWNED BY DEBTOR AND**
**LOCATED AT 356 HUDSON RIVER ROAD, WATERFORD, NEW YORK 12188**
**AND REQUEST FOR WAIVER OF STAY UNDER RULE 4001(A)(4)**

Creditor, McCormick 103, LLC (the "Creditor") respectfully submits this motion for relief from the automatic stay with respect to real property owned by Gregory L. Beeche (the "Debtor") located 356 Hudson River Road, Waterford, New York 12188 (the "Property"). Creditor also respectfully requests the fourteen-day stay under Rule 4001(a)(4) be waived.

**I.      BACKGROUND**

1.     Debtor commenced this bankruptcy case on July 31, 2025 by filing a petition for voluntary relief under chapter 13 of the Bankruptcy Code.

2.     The petition was filed the day before a scheduled hearing on Creditor's motion to appoint a receiver over Debtor's property in the United States District Court for the Northern District of New York at case number 1:25-cv-00944.

1

3. Creditor filed a proof of claim in the total amount of $11,188,213.00[1]. The claim is secured by first, second and third mortgages on the Property.[2]

4. The Property was appraised with a market value of $6,430,000 as of November 25, 2024.[3]

5. The Property is industrial property which is currently leased by Debtor to Greg Beeche, Logistics, LLC (the "Company"). The Company is currently a chapter 11 debtor with a case pending, at the time of this filing, in this Court as case number 25-11257-1-PGR.

6. Debtor has following unsecured debts:

| Source | Creditor | Amount |
| --- | --- | --- |
| POC 3 | McCormack (Unsecured) | $4,688,213.00 |
| POC 9 | Local Union No. 580 | 1,488,639.00 |
| Schedules | Saratoga County Treasurer | 410,602.29 |
| Schedules | Brattleboro SVGS & LOA | 167,816.00 |
| POC 6 | JPMorgan Chase Bank, N.A | 99,289.70 |
| POC 7 | American Express National Bank | 76,184.77 |
| POC 4 | Internal Revenue Service | 59,534.92 |
| Schedules | L.L. Bean Mastercard | 8,754.00 |
| POC 5 | JPMorgan Chase Bank, N.A | 3,454.17 |
| Schedules | JPMCB Card Services | 2,521.00 |
| POC 8 | American Express National Bank | 525.99 |
| | Total | $7,005,534.84 |

---

[1] Claim no. 3-1
[2] Claim no. 3-1
[3] A true and correct copy of the appraisal report is attached as Exhibit A.

7. Debtor has the following secured debts based on the filed proofs of claim:

| Source | Creditor | Amount |
|---|---|---|
| POC 3 | McCormack (Secured) | $6,500,000.00 |
| POC 1 | NBT Bank, NA | 500,138.46 |
| POC 10 | Fabbrica LLC | 171,936.00 |
| POC 2 | NBT Bank, NA | 9,764.33 |
|  | Total | $7,181,838.79 |

8. The Court previously determined Debtor is not eligible for relief under chapter 13 as Debtor's debts exceed the limits of 11 U.S.C. §109(e).[4]

9. On November 12, 2025, Debtor filed a motion to convert this chapter 13 case to subchapter V of chapter 11.[5] The motion to convert remains pending before the Court as of this filling. Debtor is not eligible for subchapter V because Debtor's debts exceed the limits of 11 U.S.C. §101(51D)(definition of "small business debtor") as adjusted by 11 U.S. Code § 104. See, 11 U.S.C. § 1182.

II. **JURISDICTION**

10. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

IV. **RELIEF REQUESTED**

11. Creditor respectfully requests relief from the automatic stay imposed by 11 U.S.C. § 362 to permit Creditor to exercise all rights and remedies with respect to the Property. Creditor respectfully requests waiver of the F.R.B.P. 4001(a)(4) fourteen-day stay of the order granting the relief.

---

[4] ECF no. 45
[5] ECF no. 49

3

**V.    BASIS FOR RELIEF REQUESTED**

    **A.    Relief from the automatic stay should be granted due to Debtor's lack of equity in the Property, which is not necessary to an effective reorganization.**

12.    Section 362(d)(2) of the Bankruptcy Code provides as follows:

> (d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay …
>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>>
>>> (A) Debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

13.    Debtor lacks equity in the Property by any measure. The Property was appraised as of November 25, 2024 with a market value of $6,430,000.[6] Creditor's claim exceeds this value by more than $4 million.

14.    The Property is not necessary to an effective reorganization. Debtor cannot reorganize due to Creditor's blocking position in connection with plan voting pursuant to 11 U.S.C. § 1126(c). Debtor may also have insufficient income to fund this case and a plan because the Company, the Property's only tenant, is not operating and is a chapter 11 debtor in this Court as of this filing.

15.    Debtor cannot adequately protect Creditor's interest in the Property.

16.    As a result, Creditor should be granted relief from the automatic stay so Creditor may exercise all rights and remedies with respect to the Property including, but not limited to,

---

[6]    See Exhibit A.

instituting an action to foreclose one or more of the mortgages and seeking the appointment of a receiver for the Property.

      **B.**    **Cause exists for waiver of the fourteen-day stay of the requested order pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure**

17. Rule 4001(a)(4) provides "[u]nless the court orders otherwise, an order granting a motion for relief from the automatic stay under (1) is stayed for 14 days after it is entered." F.R.B.P. 4001(a)(4).

18. The Court has discretion to waive the fourteen (14) day stay. See, *In re Maye*, No. 25-20072-PRW, 2025 BL 64766 (Bankr. W.D.N.Y. Feb. 27, 2025)(waiving the stay when there is no equity in the property and the property is not necessary to an effective reorganization).

19. The bankruptcy rules "do not impose any condition on the court's ability to waive the fourteen-day stay." *Solano v. Orange Kangaroo, LLC (In re Solano)*, No. CC-25-1056-GNL, 2025 BL 355424, at *4 (B.A.P. 9th Cir. Oct. 3, 2025).

20. The purpose of the fourteen-day stay is to allow a party opposing stay relief a short period of time to seek a stay pending appeal. *Id*. citing 9 Collier On Bankruptcy ¶ 4001.05 (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2025).

21. Creditor respectfully requests waiver of the fourteen-day stay to permit Creditor to immediately exercise Creditor's rights and remedies with respect to the Property. Debtor will not be prejudiced by waiver of the stay as Debtor will have sufficient time to seek a stay pending appeal before relief is granted to Creditor in any other court.

**WHEREFORE**, Creditor respectfully requests that this Court enter an Order granting it relief from the automatic stay to permit Creditor to exercise all remedies available with respect to

the Property, together with such other relief as this Court deems just and proper. Creditor respectfully requests waiver of Rule 4001(a)(4) fourteen-day stay of the order granting the relief.

                              Respectfully submitted,

Dated: New York, New York      **BUCHANAN INGERSOLL & ROONEY P.C.**
December 15, 2025

                              /s/ Christopher P. Schueller
                              Christopher P. Schueller, Esquire
                              640 5th Avenue, 9th Floor
                              New York, NY 10019
                              Phone: (212) 440-4400
                              Facsimile: (212) 440-4401
                              E-mail: christopher.schueller@bipc.com

                              *Attorneys for McCormick 103, LLC*