BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th floor
New York, NY  10019
(212) 440-4400
Christopher P. Schueller, Esq.
*Attorneys for McCormick 103, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | HEARING DATE: January 22, 2026 |
| | : | HEARING TIME:  10:00 a.m. |
| Gregory L. Beeche, | : | LOCATION:  Albany, NY |
| | : | |
| Debtor. | : | Chapter 13 |
| | : | |
| | : | Case No. 25-10879-1-PGR |

**CREDITOR MCCORMICK 103, LLC'S
OBJECTION TO DEBTOR'S MOTION CONVERT CASE
TO CHAPTER 11 PURSUANT TO 11 U.S.C. § 1307(D)**

Creditor, McCormick 103, LLC (the "McCormick") respectfully submits this objection to Debtor's Motion to Convert Case to Chapter 11 Pursuant to 11 U.S.C. § 1307(d)(the "Motion").[1]

**I.     INTRODUCTION**

The Court previously determined Debtor was ineligible for chapter 13 relief and conditionally dismissed Debtor's case but gave Debtor an opportunity to file a motion to convert to chapter 11. Debtor filed the Motion seeking to convert to the subchapter V provisions of chapter 11.

Debtor is not eligible for subchapter V relief because Debtor exceeds the debt limits of subchapter V. Debtor is also not able to effectuate a plan under the traditional, non-subchapter V provisions of chapter 11 because, among other reasons: a) McCormick's unsecured claim will

---

[1] ECF no. 49

1

block acceptance of the plan by any unsecured creditor class; b) Debtor's income is insufficient (likely limited to modest social security) to pay McCormick's debt service and other payments which would be required under a cram-down plan; and c) a refinance of McCormick's debt is not feasible give Debtor's lack of equity in the property.

To the extent the Court does not deny the Motion and permits conversion, McCormick respectfully requests Debtor's exclusive period to propose a plan be terminated or shortened as this case is already more than five (5) months old.

## II.    BACKGROUND

### This bankruptcy case

Debtor commenced this bankruptcy case on July 31, 2025 by filing a petition for voluntary relief under chapter 13 of the Bankruptcy Code. The petition was filed the day before a scheduled hearing on McCormick's motion to appoint a receiver over certain of Debtor's real property in the United States District Court for the Northern District of New York at case number 1:25-cv-00944 (the "Receivership Case").

### McCormick's mortgage and the property

McCormick filed a proof of claim in the total amount of $11,188,213.00.[2] The claim is secured by first, second and third mortgages on the property located at 356 Hudson River Road, Waterford, New York 12188 (the "Property").[3] The Property has an appraised market value of $6,430,000 as of November 25, 2024.[4] The Property is currently occupied , and perhaps leased, by Debtor to Greg Beeche Logistics, LLC (the "Company").

### The Company's prior bankruptcy case and receivership

---

[2]     Claim no. 3-1
[3]     Claim no. 3-1
[4]     A true and correct copy of the appraisal report is attached as Exhibit A.

2

The Company was formerly a chapter 11 debtor in this Court at case number 25-11257-1-PGR. The Company's bankruptcy case was dismissed for cause pursuant to 11 U.S.C. § 1112(b) on December 23, 2025. The Court's order dismissing the Company's case included a finding that the Company failed to maintain appropriate insurance which posed risk to the Company's bankruptcy estate. The Company is currently in receivership pursuant to an order entered in the Receivership Case.

### Debtor's assets and debts

Based on the Debtor's bankruptcy schedules and the appraised value of the Property, the following summarizes the Debtor's assets:

| | |
|---|---|
| Real estate (other) | $962,060[5] |
| Appraised value of the Property | $6,430,000 |
| Personal property | $1,819,603[6] |
| Total | $9,211,663 |

The bulk of Debtor's scheduled personal property represents claims against the Company which Debtor values at $1.8 million.[7] The Receivership Court has already determined, on a preliminary basis, that the Company is in a dire financial position which indicates the Company is "at or near insolvency."[8] Accordingly, based on the District Court's finding and the record in the Company's bankruptcy case, it is doubtful that the Debtor will be able to collect these claims against the Company.

Debtor has the following secured debts based on the filed proofs of claim:

---

[5] ECF no. 16, page 38 of 58. The Property is listed in the schedules with an "unknown" value.
[6] ECF no. 16, page 38 of 58
[7] ECF no. 16, page 9 of 58
[8] Receivership Case, ECF no. 28, page 14

3

| Source | Creditor | Amount |
|---|---|---|
| POC 3 | McCormack (Secured) | $6,500,000.00 |
| POC 1 | NBT Bank, NA | 500,138.46 |
| POC 10 | Fabbrica LLC | 171,936.00 |
| POC 2 | NBT Bank, NA | 9,764.33 |
|  | Total | $7,181,838.79 |

Debtor has following unsecured debts:

| Source | Creditor | Amount |
|---|---|---|
| POC 3 | McCormack (Unsecured) | $4,688,213.00 |
| POC 9 | Local Union No. 580 | 1,488,639.00 |
| Schedules | Saratoga County Treasurer | 410,602.29 |
| Schedules | Brattleboro SVGS & LOA | 167,816.00 |
| POC 6 | JPMorgan Chase Bank, N.A | 99,289.70 |
| POC 7 | American Express National Bank | 76,184.77 |
| POC 4 | Internal Revenue Service | 59,534.92 |
| Schedules | L.L. Bean Mastercard | 8,754.00 |
| POC 5 | JPMorgan Chase Bank, N.A | 3,454.17 |
| Schedules | JPMCB Card Services | 2,521.00 |
| POC 8 | American Express National Bank | 525.99 |
|  | Total | $7,005,534.84 |

**Debtor's income**

Debtor's bankruptcy schedules indicate Debtor's sole employment is as a member/manager of the Company with monthly take home pay of $4,952.31.[9] Debtor's only other income is monthly social security of $3,450.00.[10] This yields a combined monthly income available to fund a plan of just $8,402.31. If the Company does not remain viable, the Debtor's

---

[9] ECF no. 16, pages 32 and 33 of 58
[10] ECF no. 16, page 32 of 58

monthly income to fund a plan would likely be limited to social security in the amount of $3,450.00.

### Debtor's ineligibility for chapter 13

The Court previously determined Debtor is not eligible for relief under chapter 13 as Debtor's debts exceed the limits of 11 U.S.C. §109(e) and conditionally dismissed Debtor's case.[11] The Court stayed the dismissal to permit give Debtor an opportunity to seek conversion to chapter 11.

### Debtor's motion to convert to subchapter V of chapter 11

On November 12, 2025, Debtor filed the Motion to convert this chapter 13 case to subchapter V of chapter 11.

### Debtor is not eligible for subchapter V

Debtor is not eligible for subchapter V because Debtor's debts exceed the limits of 11 U.S.C. §101(51D)(definition of "small business debtor") as adjusted by 11 U.S. Code § 104. See, 11 U.S.C. § 1182.

### III.   STANDARD

A chapter 13 debtor may, at any time prior to the confirmation of a plan, move to convert a chapter 13 case to a case under chapter 11. 11 U.S.C. § 1307(d). A chapter 13 debtor does not have an absolute right to convert to chapter 11. *In re Elwell*, No. 17-51442, 2020 Bankr Lexis 395, 2020 WL 762214 at *2 (Bankr. D. Conn. Feb. 14, 2020). Conversion of a chapter 13 case to chapter 11 is at the discretion of the Court. *Id*. A chapter 13 debtor has the burden of proving cause to support such a conversion. See *In re Tornheim*, 181 B.R. 161, 169 (Bankr. S.D.N.Y. 1995).

---

[11] ECF no. 45

When a debtor seeks to convert a chapter 13 case to chapter 11, courts consider factors such as whether the debtor 1) filed the initial bankruptcy petition and sought to convert in good faith, 2) is able to effectuate a plan, and 3) has caused prejudicial delay to creditors. *In re Elwell*, 2020 Bankr Lexis 395, 2020 WL 762214, at *2 (Bankr. D. Conn. Feb. 14, 2020).

Conversion to subchapter V of chapter 11, as requested by Debtor, may also be denied when the debtor is not eligible for subchapter V relief. *In re McCune*, 635 B.R. 409, 418 (Bankr. D.N.M. 2021). Conversion to chapter 11 is also not appropriate unless the debtor shows it has the ability to propose a plan within a reasonable period of time or that there is some reasonable prospect of reorganization in chapter 11. *Id*. at 422. Without limitation, conversion may be denied when the feasibility of a proposed plan of reorganization is speculative. *In re Elwell*, at *3 (Bankr. D. Conn. Feb. 14, 2020).

### IV.  **OBJECTIONS**

#### A.  **Debtor is not eligible for subchapter V**

To be eligible for subchapter V relief, a debtor must be a "small business debtor" which is a person:

    a. engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate); and

    b. that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than

$3,424,000[12] (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor.

*In re Articon Hotel Servs. LLC*, 2025 BL 439774 (Bankr. N.D. Ill. Dec. 8, 2025) citing 11 U.S.C. § 101(51D), 11 U.S.C. § 103(i) and 11 U.S.C. § 1182(1)(A).

Debtor is not eligible for subchapter V because Debtor has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief which exceeds $3,424,000. The Debtor has unsecured debts in the amount of $7,005,534.84.

Debtor may also not be eligible to the extent the evidence demonstrates that Debtor is not engaged in commercial or business activities. Although Debtor alleges Debtor is engaged in business and commercial activity and has regular income, Debtor's allegation may not be factually accurate. Debtor's Statement of Financial Affairs discloses $24,480 in wages, commissions, bonuses, and/or tips in 2025 but income may not be ongoing in light of the receivership for the Company is case number 1:25-cv-00944 pending before the District Court. Following the receivership, Debtor is not receiving compensation from the Company.

Accordingly, Debtor is not eligible for relief under subchapter V and the Motion to convert to subchapter V of chapter 11 should be denied. See, *In re McCune*, 635 B.R. 409, 418 (Bankr. D.N.M. 2021).

**B.    Debtor is unable to effectuate a plan under chapter 11**

---

[12]    The Judicial Conference of the United States adjusted the threshold amount for cases filed on or after April 1, 2025 from $3,024,725 to $3,424,000 to reflect changes to a consumer price index published by the Department of Labor. See *In re Articon Hotel Servs. LLC*, 2025 BL 439774, at *7 (Bankr. N.D. Ill. Dec. 8, 2025).

To the extent the Motion is construed as requesting conversion to the non-subchapter V provisions of chapter 11, the Motion should be denied. In determining issues concerning the ability to effectuate a plan, Courts frequently employ a reasonable prospect or likelihood of rehabilitation standard. See, *In re McCune*, 635 B.R. 409, 422 (Bankr. D.N.M. 2021) (in the context of converting from chapter 13 to chapter 11), *In re 347 Linden LLC*, 2011 Us Dist Lexis 78843, 2011 WL 2971496 at *5 (E.D.N.Y. July 20, 2011)(in the section 1112 context).

Debtor does not have a reasonable likelihood of confirming a plan under the non-subchapter V provisions of chapter 11. First, McCormick's unsecured claim represents 66.92% of the unsecured creditor population and McCormick would be able to block acceptance by an unsecured creditor class pursuant to 11 U.S.C. § 1126(c)(requiring class acceptance by creditors holding two-thirds of the amount of the class) and 11 U.S.C. § 1129(a)(8)(requiring acceptance by impaired classes).

Second, Debtor will not be able to cram-down a plan under 11 U.S.C. § 1129(b) over McCormick's objection because Debtor lacks financial resources to pay McCormick: (a) with respect to the secured claim, deferred cash payments totaling at least the allowed amount of McCormick's secured claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property as required by 11 U.S.C. § 1129(b)(2)(a)(i)(II); and (b) with respect to the unsecured claim, a value, as of the effective date of the plan, equal to the allowed amount of such claim to the extent Debtor seeks to retain any non-exempt property. See, 11 U.S.C. § 1129(b)(2)(b).

Third, because Debtor lacks the financial resources, and prospects of financial resources, to make the payments required under section 1129(b), any cram-down plan would not be feasible and unconfirmable pursuant to 11 U.S.C. § 1129(a)(11). Debtor will not be able to refinance

McCormick's debt because the value of the Property pails in comparison to the amount of mortgage debt owed to McCormick.

In short, Debtor has not shown any ability to effectuate a plan under the non-subchapter V provisions of chapter 11. Debtor has presented no evidence or argument about how Debtor would confirm, accepted by appropriate creditors, and fund the plan given Debtor's lack of equity in its assets and lack of income. Debtor cannot pay debt service on McCormick's $6.5 million secured claim based solely on Debtor's $3,450 in monthly social security. Debtor also cannot stretch the social security, or liquidate assets, to pay McCormick's unsecured claim under a cram-down. The numbers just do not work without an additional source of significant income or assets which does not exist.

Because Debtor has not shown there is a reasonable possibility Debtor will be able to effectuate a non-subchapter V plan, the motion to convert should be denied. See, *In re McCune*, 635 B.R. 409, 423 (Bankr. D.N.M. 2021).

### C.  If the Court converts the case to chapter 11, Debtor should not have the exclusive right to file a chapter 11 plan.

To the extent the Court grants the motion to convert to the non-subchapter V provisions of chapter 11, McCormick respectfully requests Debtor's exclusive period to file a plan pursuant to 11 U.S.C. § 1121 be terminated or shortened. In general terms, section 1121(b) gives a chapter 11 debtor the exclusive right to file a plan for the first 120 days of a case. Debtor is now more than five (5) months into this case and there is no good reason to allow Debtor the exclusive right to file a plan for another 120 days.

**WHEREFORE**, McCormick respectfully requests that this Court deny the motion to convert this case to chapter 11 and enter an order lifting the stay of the Court's prior order which

dismissed Debtor's chapter 13 case. To the extent the Court grants the Motion, McCormick respectfully requests the Court terminate, or shorten, Debtor's exclusive period to file a plan.

Respectfully submitted,

Dated: January 15, 2026　　　　**BUCHANAN INGERSOLL & ROONEY P.C.**
New York, New York

　/s/ Christopher P. Schueller
Christopher P. Schueller, Esquire
640 5th Avenue, 9th Floor
New York, NY  10019
Phone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail:  christopher.schueller@bipc.com

*Attorneys for McCormick 103, LLC*