BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th floor
New York, NY  10019
(212) 440-4400
Christopher P. Schueller, Esq.
*Attorneys for McCormick 103, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | **HEARING DATE: January 22, 2026** |
| | : | **HEARING TIME:  10:00 a.m.** |
| Gregory L. Beeche, | : | **LOCATION:  Albany, NY** |
| | : | |
| Debtor. | : | Chapter 13 |
| | : | |
| | : | Case No. 25-10879-1-PGR |

**CREDITOR MCCORMICK 103, LLC'S**
**OBJECTION TO DEBTOR'S MOTION TO ENFORCE**
**AUTOMATIC STAY, DECLARE RECEIVERSHIP VOID**
**AB INITIO, AND FOR SANCTIONS UNDER 11 U.S.C. § 362(K)**

Creditor, McCormick 103, LLC (the "McCormick") respectfully submits this objection to

Debtor's Motion to Enforce Automatic Stay, Declare Receivership Void Ab Initio, and for

Sanctions under 11 U.S.C. § 362(k).[1]

## I.     **INTRODUCTION**

This matter involves Debtor's attempt to undo the District Court's receivership order for

a non-debtor entities, Greg Beeche Logistics, LLC ("GBL") and Greg Logistics, LLC ("GL")

(collectively, the "Companies"), based on an alleged violation of the automatic stay of 11 U.S.C.

§ 362.

The Motion should be denied because the District Court already ruled that there was no

violation of the automatic stay.[2] Therefore, res judicata and collateral estoppel bar a contrary

---

[1]     ECF no. 46

1

ruling. Aside from *res judicata* and collateral estoppel, there was no actionable conduct by McCormick. Upon Debtor's bankruptcy filing, McCormick informed that District Court of the bankruptcy and advised the court that no relief could be granted with respect to Debtor due to the automatic stay. McCormick also asked the District Court to refrain from entering an order on the receiver motion until McCormick addressed the automatic stay issues by filing an amended complaint which removed Debtor as a defendant in the receivership action.

After McCormick filed an amended complaint removing Debtor as a defendant, the District Court entered a receiver order which expressly stated no relief was being provided with respect to Debtor. McCormick requested this language.

The receivership only applies to the assets of the Companies and not any property of Debtor's bankruptcy estate. Debtor claims to own certain personal property business assets used by the Companies, such as intellectual property, but this assertion is contradicted by Debtor's bankruptcy schedules which do not list, and sometimes expressly disclaim, Debtor's ownership of the property. Although Debtor appears to own real estate occupied by the Companies, it appears Debtor leased the real estate to the Companies. It is not a violation of the automatic stay for the receiver, standing in the shoes of the Companies, to refuse to turn it over to Debtor. See, *City of Chicago v. Fulton*, 592 U.S. 154, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021)(mere retention of estate property does not violate section 362(a)(3)).

Because Debtor has not suffered any harm by the receiver order (which is expressly inapplicable to Debtor), Debtor lacks constitutional standing under *Spokeo, Inc. v. Robins*, 578

---

[2] Receivership Case, ECF no. 28, page 8

U.S. 330, 338-339 (2016) and has no claim for actual damages. McCormick did not do anything to warrant punitive damages.

As a result, McCormick respectfully requests that the Motion be summarily denied and Debtor's case be dismissed as Debtor is not eligible for chapter 13 and, as explained in McCormick's opposition to Debtor's motion to convert this case to chapter 11, conversion to chapter 11 is inappropriate.

Finally, to the extent the Court does not deny the Motion on a summary basis, McCormick respectfully requests an opportunity to perform discovery with respect to Debtor's claims. McCormick cannot adequately defend itself without discovery.

## II.    BACKGROUND

### The Loans, mortgage, and property

McCormick is a pre-petition creditor of Debtor pursuant to various loans (the "Loans") involving Debtor and the Companies. McCormick's proof of claim is in the total amount of $11,188,213.00.[3] The proof of claim more fully describes the Loan and includes the applicable loan documents. McCormick's claim is secured by first, second and third mortgages on the property located at 356 Hudson River Road, Waterford, New York 12188 (the "Real Property").[4] The Real Property has an appraised market value of $6,430,000 as of November 25, 2024. The Real Property is in the possession of, or leased to, one or more of the Companies.

### The default under the Loans

Debtor and the Companies defaulted on the Loans prior to Debtor's initiation of this bankruptcy case.

---

[3]      Claim no. 3-1
[4]      Claim no. 3-1

3

**The Receivership Case**

On July 17, 2025, McCormick commenced a civil action against Debtor and the Companies in the United States District Court for the Northern District of New York at case number 1:25-cv-00944 (the "Receivership Case"). The Receivership Case was based on the Loans.

**The Receiver Motion**

McCormick filed an Emergency Motion for the Appointment of a Receiver (the "Receiver Motion") in the Receivership Case on July 18, 2025.[5] The Receiver Motion sought the appointment of a receiver over certain property of Debtor and the Companies. The District Court scheduled a hearing on the Receiver Motion for August 1, 2025 (the "Receiver Hearing").

**Debtor's bankruptcy filing**

On July 31, 2025 (the "Petition Date"), one day before the Receiver Hearing, Debtor commenced this bankruptcy as a case under chapter 13 of the United States Bankruptcy Code. On October 29, 2025, the Court conditionally dismissed Debtor's bankruptcy case but provided Debtor an opportunity to file a motion to convert the case to chapter 11.[6] McCormick understands the Court's order was based on Debtor's ineligibility for chapter 13. Debtor subsequently filed a motion to convert the case to subchapter V of chapter 11.[7] Debtor's motion to convert remains pending with the Court. McCormick is opposing the motion for, among other reasons, Debtor is not eligible for relief under subchapter V and does not have a reasonable possibility of effectuating a plan under the non-subchapter V provisions of chapter 11.

**The Receiver Hearing**

---

[5]      Receivership Case, ECF no. 5
[6]      ECF no. 45
[7]      ECF no. 49

During the August 1, 2025 Receiver Hearing, McCormick's counsel advised the District Court: a) of the Debtor's bankruptcy filing; b) the matter was stayed with respect to the Debtor by 11 U.S.C. § 362; and c) McCormick was not proceeding with respect to the Debtor. Counsel for McCormick also explained to the District Court:

> The proposed receiver order includes relief against Mr. Beeche. We're not asking for that. We're not asking for a receiver to be appointed for Mr. Beeche's property. And unfortunately, I've learned of the bankruptcy filing too late last night to actually modify the proposed order, but we could if -- if the Court would want that. But we would be asking that references to Mr. Beeche be removed in the appropriate spots in the proposed order.

The District Court responded by asking counsel to submit a revised form of receiver order to address the bankruptcy issue. Following the hearing, the District Court entered a text minute entry requiring McCormick to prepare and file the revised proposed order by Monday, August 4, 2025 before 5:00 PM.[8] On August 4, 2025, McCormick filed a revised proposed receiver order with the District Court.[9] Among other things, the revision removed all relief with respect to the Debtor.[10]

### McCormick requests District Court to pause the entry of the order

On August 4, 2025, shortly after filing the revised proposed order, McCormick's counsel contacted the District Court's chambers to ask the District Court to refrain from entering the receiver order as McCormick was investigating an automatic stay issue. The District Court directed McCormick to file a status report by the end of business on August 5, 2025.

McCormick filed the status report on August 5, 2025 stating McCormick continued to investigate and address certain issues concerning the automatic stay of 11 U.S.C. § 362

---

[8]     Receivership Case, entry dated August 1, 2025
[9]     Receivership Case, ECF no. 21
[10]    Receivership Case, ECF no. 21

following the bankruptcy filing of Gregory L. Beeche.[11] McCormick requested the District Court to: a) refrain from taking any action on the Receiver Motion at this time; and b) afford the Plaintiff the opportunity to provide this Court with a further status report on or before the close of business on August 6, 2025.[12]

### The amended complaint removing Debtor as a defendant

On August 6, 2025, McCormick filed an amended complaint in the Receivership Case which removed Debtor as a defendant in the Receivership Case.[13]

### The further revised proposed receivership order

McCormick then filed a further revised proposed receivership order which included the following language with regard to the Debtor: "Plaintiff requests appointment of a receiver in the above captioned action with respect to Defendants and no relief is provided in this Order with respect to Greg Beeche in accordance with the automatic stay in bankruptcy of 11 U.S.C. § 362."[14]

### The receiver order

On August 8, 2025, the District Court entered a Memorandum-Decision & Order (the" Receiver Order") which appointed a receiver for certain assets of the Companies but not Debtor. The District Court addressed the automatic stay when it entered the receiver order:

> As previously mentioned, Plaintiff's counsel also notified the Court of Gregory Beeche's recent personal bankruptcy filing, which grants him the protection of the automatic stay provision in 11 U.S.C. § 362. Accordingly, Plaintiff chose to remove Gregory Beeche as a party to the action, and now seeks the appointment of a receiver only with respect to Defendants GBL and GL, which are

---

[11]   Receivership Case, ECF no. 22
[12]   Receivership Case, ECF no. 22
[13]   Receivership Case, ECF no. 23
[14]   Receivership Case, ECF No. 21-2 (proposed finding "B").

not subject to the automatic stay. *See Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.*, 235 F.3d 53, 58 (2d Cir. 2000) ("It is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants").[15]

The District Court explained its conclusion that the automatic stay does not apply to the

receivership motion with respect to the Companies in a footnote as follows:

> While courts may extend an automatic stay to non-debtors under certain circumstances, *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003), "[b]ased on the limited information available to [it], the Court cannot conclude that such a circumstance exists," *Xue Hui Zhang v. Ichiban Grp., LLC*, No. 1:17-CV-148, 2018 WL 3597632, *4 (N.D.N.Y. July 26, 2018) (noting that extending automatic stays to non-debtors happens only under "unusual circumstances").[16]

The assets (the "Receivership Assets") which are subject to the Receiver Order are

identified as:

> … Assets of any and every kind whatsoever that are (i) owned, controlled or held by or for the benefit of the Defendants [i.e., the Companies as Debtor was not a defendant at the time of the Receiver Order], in whole or in part; (ii) in the actual or constructive possession of the Defendants, or other individual or entity acting in concert with the Defendants; (iii) held by an agent of the Defendants, including as a retainer for the agent's provision of services; or (iv) owned, controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any entity directly or indirectly owned or controlled in whole or in part by the Defendants, including Assets that have been transferred to another person or entity but as to which Assets such person or entity does not have a legitimate claim…[17]

The Receiver Order authorizes the receiver to:

> Take all steps necessary or reasonable to secure all premises owned, rented, leased, or otherwise controlled by the Defendants, which steps may include but are not limited to any of the following

---

[15]   Receivership Case, ECF no. 28, pages 7-8
[16]   Receivership Case, ECF no. 28, page 8
[17]   Receivership Case, ECF no. 28, page 18

as Receiver deems necessary or advisable: (a) photographing and videotaping any or all portions of the premises; (b) securing the premises by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the premises; (c) requiring any persons present on the premises at the time this Order is entered to leave the premises, to provide Receiver with proof of identification, or to demonstrate to the satisfaction of Receiver that such persons are not removing from the premises any Receivership Assets; and (d) employing the assistance of law enforcement officers as Receiver deems necessary to implement the provisions of this Order…[18]

## III.   LEGAL STANDARD

The automatic stay of section 362 of the Bankruptcy Code prohibits, in relevant part,:

(1)   the commencement or continuation … [of an] action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;…

(3)   any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…

11 U.S. C. § 362(a).

Section 362(k) of the Bankruptcy Code provides in relevant part:

(1)   Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages…

11 U.S. C. § 362(k).

## IV.   ANALYSIS

**A.   The District Court already ruled there was no violation of the automatic stay and, in any event, there was no sanctionable conduct by McCormick with respect to the continuation of the Receiver Case**

---

[18]   Receivership Case, ECF no. 28, page 19

The District Court already ruled that the commencement and continuation of the Receiver Case did not violate the automatic stay. Therefore, *res judicata* and collateral estoppel bar a contrary ruling. Aside from *res judicata* and collateral estoppel, there is no actionable relief. Debtor asserts that McCormick violated the automatic stay of section 362(a) by continuing the Receiver Case after the Petition Date. While seemingly acknowledging that there would be no stay violation after the complaint was amended in the Receiver Case to remove Debtor as a defendant, Debtor asserts that the amendment does not cure an earlier continuation of the proceeding.

McCormick's actions between the Petition Date and the amendment of the complaint to remove Debtor as a defendant were totally appropriate. During the Receiver Hearing, McCormick's counsel informed the District Court: a) of the Debtor's bankruptcy filing; b) the matter was stayed with respect to the Debtor by 11 U.S.C. § 362; and c) McCormick was not proceeding with respect to the Debtor. Counsel also asked the District Court to refrain from awarding any relief against Debtor.

As directed by the District Court, McCormick submitted a revised proposed form of order which made clear that no relief was to be provided with respect to Debtor.[19] The same day, upon learning of a potential automatic stay issue in connection with the Second Circuit's relatively recent opinion in *Bayview Loan Servicing LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62 (2d Cir. 2022), McCormick contacted the District Court's chambers to ask the District Court to refrain from entering the receiver order as McCormick was investigating an automatic stay issue.  The next day, McCormick repeated its request that the District Court refrain from taking any action on Receiver Motion.

---

[19]     Receivership Case, ECF no. 21

Ultimately, out of an abundance of caution and due respect for the automatic stay, McCormick filed an amended complaint removing Debtor as a defendant despite the existence of authority from the Second Circuit Court of Appeals that a "suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); see also *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.").

Due to McCormick's request at the Receiver Hearing that no relief be provided against Debtor and subsequent requests that the District Court refrain from entering an order on the Receiver Motion until McCormick amended the complaint to remove Debtor as a defendant, no harm to Debtor or the bankruptcy estate occurred. As a result, Debtor lacks constitutional standing to seek enforcement of the automatic stay based on the continuation of the Receiver Case during the time between the Petition Date and the filing of the amended complaint removing Debtor as a defendant. See, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-339 (2016)(the "irreducible constitutional minimum" of standing consists of three elements: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision and "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing").

Accordingly, the Motion must be denied to the extent it seeks sanctions for the continuation of the Receiver Case for the time between the Petition Date and the filing of the amended complaint which removed Debtor as a defendant.

10

The Motion must also be denied to the extent it seeks a declaration that the Receiver Order is *void ab initio*. The Receiver Order was entered after Debtor was removed as a defendant in the Receiver Case resulting in the automatic stay no longer applying to bar the Receiver Order under Second Circuit law.

### C.   There is no violation of section 362(a)(3)

Debtor asserts in the Motion that the receivership "seized control over property of the estate" in violation of section 362(a)(3) of the Bankruptcy Code (staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"). Debtor asserts the receiver took control over the following property: the Real Property (356 Hudson River Road), Debtor's membership interests in the Companies, engineering designs, software, technical data formerly protected by patents now expired, trade secrets and computer servers.

From a threshold perspective, many of these items are not property of Debtor's bankruptcy estate because Debtor does not own them:

| Property | Analysis |
|---|---|
| Engineering designs | There are no engineering designs listed in Debtor's bankruptcy schedules.[20] Debtor disclaimed ownership of any legal or equitable interest in any business-related property.[21] |
| Software | Debtor's bankruptcy schedules disclaim ownership of any software.[22] Debtor also disclaimed ownership of any legal or equitable interest in any business-related property including software.[23] |

---

[20]   ECF no. 16
[21]   ECF no. 16, page 10 of 58, number 37
[22]   ECF no. 16, page 10 of 58, number 39
[23]   ECF no. 16, page 10 of 58, numbers 37 and 39

11

| | |
|---|---|
| Technical data formerly protected by patents now expired | Although Debtor claimed in the bankruptcy schedules that Debtor owns various patents, Debtor did not list any technical data formerly protected by expired patents in Debtor's bankruptcy schedules. Debtor's bankruptcy schedules disclaimed ownership of all intellectual property other than patents[24] which Debtor now seems to acknowledge have expired. Debtor also disclaimed ownership of any legal or equitable interest in any business-related property.[25] |
| Trade secrets | Debtor did not list any ownership of trade secrets in Debtor's bankruptcy schedules.[26] Debtor also disclaimed ownership of any legal or equitable interest in any business-related property.[27] |
| Operational processes | Debtor did not list any ownership of operational processes in Debtor's bankruptcy schedules.[28] Debtor also disclaimed ownership of any legal or equitable interest in any business-related property.[29] |
| Computer servers | Debtor disclaimed ownership of any legal or equitable interest in any business-related property, including computers.[30] |

Debtor cannot on one hand file schedules and statements with this Court under the penalty of perjury which either disclaim, or omit disclosure of, the ownership of the assets and then assert that the assets are property of the estate in connection with the Motion.

Debtor also asserts the receiver barred Debtor from entering Debtor's Real Property located at 356 Hudson River Road. However, this is the commercial property used by the Companies as their principal places of business and the location of their principal assets. There

---

[24]   ECF no. 16, page 8 of 58, number 26
[25]   ECF no. 16, page 10 of 58, number 37
[26]   ECF no. 16, page 8 of 58, number 26
[27]   ECF no. 16, page 10 of 58, number 37
[28]   ECF no. 16, page 8 of 58, number 26
[29]   ECF no. 16, page 10 of 58, number 37
[30]   ECF no. 16, page 10 of 58, numbers 37 and 39

12

was apparently a verbal lease between Debtor and the Companies for the property and Debtor would have the Companies pay the mortgage directly as the lease payment. As a result, at a minimum, the Companies had possession of the property (and likely a leasehold interest) and the receiver, standing in the shoes of the Companies, had the right to retain possession of the property. Retention of property does not violate the automatic stay of section 362(a)(3). *City of Chicago v. Fulton*, 592 U.S. 154, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021)(mere retention of estate property does not violate section 362(a)(3)).

.       Finally, Debtor asserts an automatic stay violation based on Debtor's alleged ownership of membership interests in the Companies. However, the Companies are legal entities separate and apart from Debtor. The assets owned by the Companies are not part of Debtor's bankruptcy estate. See, *In re Gialamas*, 606 B.R. 798, 802 (Bankr. W.D. Wis. 2019)("But that simply means his membership interests in [a limited liability company] are property of the bankruptcy estate. The underlying assets owned by the limited liability company are not.") citing *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) ("The corporate assets of [the company] are not property of the debtor and therefore cannot become property of [the company owner's] bankruptcy estate."); *In re Coenen*, 487 B.R. 539, 541 (Bankr. W.D. Wis. 2012) ("Although the estate includes the membership and ownership of the LLC, it does not include the assets owned by the LLC. Those assets do not become property of the debtor's bankruptcy estate.").

Accordingly, there is no violation of section 362(a)(3).

**D.      The automatic stay is not extended by economic interdependence**

Debtor asserts his business and personal assets are economically intertwined because Debtor owns the building where the Companies are located, intellectual property and a controlling interest in the Companies. Debtor asserts the Companies cannot function without

13

those assets and Debtor cannot earn income without the Companies. As a result, according to Debtor, the automatic stay extends to actions against the Companies which have an immediate adverse economic consequence on Debtor's bankruptcy estate pursuant to *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003).

*Queenie* does not support Debtor's argument. In *Queenie*, the Second Circuit Court of Appeals recognized a "suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd.*, 321 F.3d 282, 287. *Queenie* recognized an exception to this general rule "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id*. The *Queenie* court gave examples of these types of claims as: a) claims to establish an obligation of which the debtor is a guarantor; b) a claim against the debtor's insurer; and c) where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Id*.

The Receiver Order does not fall into any of these categories. The Receiver Order does not establish an obligation of which Debtor is a guarantor. It merely protects and preserves the property of the Companies in the face of what the District Court characterized as "imminent danger."[31] McCormick has not proceeded to recover a money judgment against the Companies in the Receiver Case which would trigger liability for Debtor under any guarantee or otherwise.

The Receiver Order is also not a claim against Debtor's insurer and Debtor cannot be said to be the real party defendant. The Receiver Order only deals with the property of the Companies and expressly disclaims any relief against Debtor.

---

[31]     Receiver Case, ECF no. 28, page 14

The proper course for Debtor to assert that the automatic stay should be extended to the non-debtor entities is to file a motion to extend it pursuant to the Court's equitable powers under section 105 of the Bankruptcy Code. Debtor has not done that, and the current procedural posture of the Motion unfairly denies McCormick the opportunity to adduce facts through discovery which could have been used to counter Debtor's arguments concerning the extension, including the actual relationship between Debtor and the Companies.

### E.      There is no basis for damages under 11 U.S.C. § 362(k)

Debtor has no basis for damages under 11 U.S.C. § 362(k). Nothing in the Receiver Case provided any relief against Debtor and did not adversely impact any property of Debtor's bankruptcy estate. Consequently, Debtor does not have any actual damages in Debtor's individual capacity and lacks constitutional standing under *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-339 (2016)(the "irreducible constitutional minimum" of standing consists of three elements: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision and "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing").

Debtor's claimed items of damages do not survive even cursory scrutiny. Debtor seeks damages exceeding $250,000 for lost business income, destruction of proprietary data and systems and legal fees in costs. However, Debtor and GDL's financial history and bankruptcy schedules show an insolvent business which was losing money. If the Motion is not summarily denied, McCormick needs discovery from Debtor and the Companies to establish that Debtor's business income losses are illusory.

15

As previously discussed, Debtor does not own intellectual property in the form of proprietary data and systems and cannot have damages for destruction of property Debtor does not own. Debtor is not entitled to legal fees based on the record in this case, the Receiver Case and Debtor's absence of damages.

In addition, McCormick's actions were not "egregious, vindictive, or in reckless disregard of the law" to justify punitive damages under *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990). This is a complicated case in which Debtor has taken self-serving positions including the claim that there was no lease between Debtor and the Companies which is belied by the mortgage payments made by the Companies and the occupancy of the premises by the Companies. Debtor has also taken contradictory positions concerning the ownership of the intellectual property and software.

The case is further complicated by the relatively recent decision of the Second Circuit in *Fogarty* which is not consistent with any rule previously established by the Second Circuit or any other Circuit Court of Appeals which has considered the issue.

The record reflects McCormick took great caution to advise the District Court of Debtor's bankruptcy filing and to request the District Court refrain from entering the Receiver Order until McCormick amended the complaint to remove Debtor as a defendant. This is not egregious, vindictive, or reckless conduct.

Accordingly, McCormick respectfully requests the Motion be denied. To the extent the Motion is not denied on a summary basis, McCormick respectfully requests the opportunity to engage in discovery with respect to Debtor's damage claims.

**F.      This case should be dismissed**

As explained in McCormick's objection to Debtor's motion to convert this case to subchapter V of chapter 11, the case should be dismissed because Debtor is not eligible for subchapter V and cannot confirm a plan of reorganization under the non-subchapter V provisions of chapter 11.

## V.    REQUEST FOR DISCOVERY

To the extent the Court does not deny the Motion on a summary basis, McCormick respectfully requests an opportunity to perform discovery with respect to Debtor's claims. McCormick cannot adequately defend itself without discovery.

**WHEREFORE**, McCormick respectfully requests that this Court deny the Motion. To the extent the Court does not deny the Motion on a summary basis, McCormick respectfully requests the Court enter an order establishing a discovery schedule, so McCormick has sufficient opportunity to take discovery and present a defense to this matter.

Respectfully submitted,

Dated:  January 15, 2025    **BUCHANAN INGERSOLL & ROONEY P.C.**
New York, New York

 /s/ Christopher P. Schueller
Christopher P. Schueller, Esquire
640 5th Avenue, 9th Floor
New York, NY  10019
Phone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail:  christopher.schueller@bipc.com

*Attorneys for McCormick 103, LLC*